McBRIDE, Judge.
The State of Louisiana through its Department of Transportation and Development filed suit against Steven Gelmis, his employer, Reb Transportation Inc., and their insurer, Fireman’s Fund American In *2 surance Company for damages occasioned to the “Carrollton Overpass”.
The Defendants filed a third party demand against the .State of Louisiana’s Department of Public Safety and the Division of State Police. After trial on the merits in the Civil District Court for the Parish of Orleans, the trial Court rendered judgment in favor of Defendants dismissing the State’s claim and also thereby dismissing the third party demand.
The State of Louisiana has appealed the adverse judgment. The State’s claim arises out of an accident which occurred on March 20, 1976. Reb Transportation, Inc., a Texas Corporation, was hired to transport two tanks from Port Worth, Texas to Avondale Shipyards in Harvey, Louisiana. The tanks were oversized; therefore Steven Gelmis, Reb’s driver, was required by law to stop at the Texas/Louisiana State line to obtain an oversized load permit. Gelmis, along with a fellow transport driver, Lonnie Courtney, stopped in Lake Charles at State Police Headquarters, Troop D, in order to acquire the permit. Gelmis testified that he measured his load at 14 feet — 10V2 inches; however, out of an abundance of caution, he listed the height as 15 feet — 2 inches on the permit. After paying $12.00, Gelmis was issued the permit which required him to follow Interstate 10, to Route 30, to Route 61 and then back to Interstate 10. After getting back on Interstate 10, Gelmis was to exit at Route 3152. After receiving the route instructions, Gelmis consulted the map which was in Troop D Headquarters. Lonnie Courtney and Gelmis asked the permit officer, E. L. Kershaw, various questions regarding the route to which Kershaw replied, “Just follow the highways and you will be all right.”
After spending the night in Lafayette, Gelmis started out for the New Orleans area on the morning of March 20, 1976. As he entered the New Orleans Metropolitan area, he consulted his own road map and the highway signs for Route 3152. Not realizing that he had passed the unmarked Route 3152, (which is commonly referred to as Clearview Parkway), Gelmis continued on into New Orleans where the tank he was carrying struck the Carrollton Overpass, causing $35,108.64 in damages.
It was stipulated by the State at trial on the merits that there existed no sign or other indication of clearance on the Carroll-ton Overpass; that there was no sign on 1-10 which revealed that the Clearview Extension was Route 3152; and there were no signs in the area of the Clearview Extension notifying drivers they were nearing Route 3152.
It is apparent that Gelmis relied upon the representation by Officer Kershaw that Route 3152 would be marked by a sign. At no time was Gelmis informed that Route 3152 was Clearview Parkway. Upon questioning by the trial court, Officer Kershaw testified that he did not realize Highway 3152 was Clearview Parkway. As a result of the erroneous information supplied to him, Gelmis passed up the unmarked Route 3152 and struck the Carrollton Overpass.
The State claims that its basis for recovery is based upon contract. That the defendants contracted with the State to use it’s Highways and must abide by the terms of the agreement. The pertinent provisions of the permit on which the State relies are: (1) That the applicant assumes responsibility for any damages caused to highways, bridges, etc., while using the permit; (2) That the permit is not a warranty by the State that the roads and bridges are capable of carrying the vehicle and load for which the permit was issued; and'(3) That the driver fully understands all the provisions and requirements of the permit, (i.e., he understands the routes provided).
We cannot agree with the State’s position that they are to be indemnified regardless of their negligence. The defendants contracted in good faith with the State for the right to use its Highway. Pursuant to the terms of the permit, they were to use specified Highways and Routes outlined on the permit. However, the State erred when it permitted an inexperienced Officer, (less than 6 months training), to issue the permit.
*3 Permit Officer Kershaw instructed the driver to follow the Highway, and exit at a Route which he was unfamiliar with, and which was unmarked on the Interstate. Based upon Kershaw’s representation and the State’s omission in failing to provide a marker at Route 3152, the State led the defendant into a “trap”.
We agree with the appellee that in order to indemnify oneself against the consequences of one’s own negligence, the contract must expressly so provide. Polozola v. Garlock, Inc., 376 So.2d 1009 (La. S.Ct. 1979); Harper v. Brown & Root Inc., 383 So.2d 1079 (La.App. 3rd Cir. 1980).
There was no such provision in the permit issued to Steven Gelmis, and therefore the State is barred from recovery in this instance because of its negligence. The decision of the trial Court is affirmed.
REDMANN, J., concurring with reasons.
STOULIG, J., concurs.